UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRYANNA K. ALFANO,

                    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                    Defendant.

CASE NO. C17-5776-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Bryanna K. Alfano proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Child's Disability Benefits (CDB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1996.[1] She has an 11th-grade education, and has never

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

worked. (AR 206-07.)

Plaintiff applied for SSI and CDB in August 2014. (AR 177-92.) Those applications were denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 107-13, 116-27, 142-43.)

On June 7, 2016, ALJ John Michaelson held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 39-66.) On July 12, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 20-34.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on July 25, 2017 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2010, the alleged onset date. (AR 22.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's depression and anxiety with agoraphobia. (AR 23-25.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 26-29.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a full range of work at all exertional levels, with the following additional limitations: she can have no more than occasional interaction with supervisors and no more than brief superficial interaction with co-workers and the general public. (AR 29.)

Because Plaintiff has no past work (AR 32), the ALJ proceeded to step five, where the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found that Plaintiff was capable of transitioning to representative occupations including industrial cleaner, lab equipment cleaner, and laundry worker. (AR 32-33.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting her subjective symptom testimony, and (2) assessing certain medical evidence and opinions.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 12 at 17-18. Accordingly, these issues will not be analyzed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 3

## Subjective symptom testimony

The ALJ discounted Plaintiff's testimony for a number of reasons, citing (1) the lack of objective evidence documenting sustained mental health problems causing loss of functionality between 2010 and 2012; (2) the lack of subsequent evidence corroborating her allegations of severely limiting symptoms; and (3) evidence demonstrating her ability to function independently to some degree in social situations, despite her conditions. (AR 28-31.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). The Court will address each of the ALJ's reasons in turn.

### Medical evidence 2010-12

The ALJ noted that up until October 2012, the record mentions only one incident of severe mental health symptoms, which were brought on by Plaintiff's medication. (AR 30.) The ALJ found that because this one incident appears to be an aberration, the record does not support disability onset in 2010. (*Id*.)

Plaintiff argues that her testimony was consistent with this episode, and it does not constitute a reason to discount Plaintiff's testimony. Dkt. 12 at 11. Plaintiff misses the ALJ's point: the ALJ reasonably found that the record between the alleged onset date (November 2010) and October 2012 does not document any sustained symptoms, and therefore is inconsistent with Plaintiff's allegation of disability dating back to November 2010. This is a reasonable inference from the context of the record between 2010 and 2012, and logically explains why the ALJ found that Plaintiff's alleged onset date was not supported by the record.

### Subsequent medical evidence

The ALJ found that evidence after October 2012 describes some symptoms, but does not corroborate Plaintiff's testimony that she had a complete inability to function around others

without her parents. (AR 31.) Plaintiff argues that the ALJ could not reject her testimony solely based on whether her statements were supported by objective evidence. Dkt. 12 at 12. But the ALJ did not solely rely on a lack of corroboration in the medical record; he cited other reasons as well. The ALJ did not err in considering the degree to which Plaintiff's allegations were corroborated by the record, along with other reasons. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

<u>Activities</u>

The ALJ found that Plaintiff's activities showed her to be more functional than she alleged. Specifically, the ALJ noted that Plaintiff was able to continue to attend her GED courses until June 2015, and that she was able to relate appropriately with her treatment providers throughout the adjudicated period. (AR 28, 31.) The ALJ found that these activities suggested Plaintiff was not as socially limited as she claimed to be.

The ALJ also cited a December 2013 treatment note indicating that Plaintiff "liked to hang with her friends, get high on marijuana four nights each week, and play video games." (AR 31 (citing AR 310).) While Plaintiff's brief (Dkt. 12 at 11) characterizes this treatment note as a one-time reference and speculates that it could reflect her functioning at that time (which had declined by the time of the hearing), references to Plaintiff's socializing are found in other parts of the record as well. (*See* AR 259 (September 2013 note indicating that Plaintiff drinks a little with friends), 275 (October 2012 note indicating that Plaintiff has three good friends), 371 (describing a two-year dating relationship that ended in 2013).) Plaintiff has not cited any persuasive authority requiring the ALJ to ask her about the December 2013 treatment note at the hearing, before he

could cite it as an inconsistency. *See* Dkt. 12 at 11 ("[I]f the ALJ was concerned about this apparent contradiction, he could have questioned Alfano about this at her hearing.").

Thus, the ALJ identified specific ways in which Plaintiff's activities were inconsistent with the social allegations she alleged, and did not err in discounting her testimony on that basis.[3]

In sum, because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's testimony, the ALJ's findings in this respect are affirmed.

## Medical evidence

The ALJ gave no weight to a medical source statement written by Daniel Lam, M.D., Plaintiff's treating psychiatrist. (AR 397-99.) Plaintiff relied on Dr. Lam's opinion to establish that her depression and anxiety met a listing, but the ALJ rejected that opinion for that proposition. (AR 27.) Plaintiff argues that the ALJ's reasons to discount Dr. Lam's opinion are not legally sufficient, and that the opinion should be credited, leading to a finding of disability at step three. Dkt. 12 at 6-8. Plaintiff also argues that the ALJ erred in crediting opinions written by State agency examining psychologists because their opinions were written before the end of the adjudicated period, and thus they did not have access to all of the record before the ALJ.[4] Dkt. 12 at 10. The Court will consider the disputed opinions in turn.

/ / /

---

[3] The ALJ also found inconsistency between Plaintiff's statements that she can pay attention for only 5-10 minutes, and cannot follow spoken instructions very well, but that she also has the ability to shop online. (AR 28.) It is not clear why online shopping would reasonably require more than 5-10 minutes of concentration, or how the ability to follow spoken instructions would be at all relevant to that activity. This reasoning is harmless error, however, in light of the ALJ's other reasoning related to Plaintiff's social activities/limitations. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

[4] This section of Plaintiff's opening brief also contains a summary of other evidence that she posits supports Dr. Lam's opinion and her own testimony, but this section does not establish any particular error in the ALJ's decision and is therefore superfluous. Dkt. 12 at 8-10.

Legal standards

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Dr. Lam's opinion

Dr. Lam began treating Plaintiff in December 2010, and saw her approximately every three months. (AR 397.) In a May 2016 form opinion, Dr. Lam rated as "marked" Plaintiff's limitations as to daily activities, social functioning, and concentration, persistence, and pace. (AR 398.) Dr. Lam also stated that Plaintiff's condition had led to at least three episodes of decompensation lasting at least two weeks in length in the prior year. (AR 399.)

The ALJ found that the record showed that Plaintiff's limitations as to daily activities and social functioning were moderate, and that her deficits as to concentration, persistence, and pace were mild. (AR 26-27.) With respect to Dr. Lam's ratings, the ALJ found that Dr. Lam did not

explain why Plaintiff's concentration, persistence, and pace deficits were marked, specifically because Plaintiff had never worked, and thus Dr. Lam's opinions as to how Plaintiff would perform in a work setting were speculative; according to the ALJ, Plaintiff's school history and daily activities do not suggest a marked problem with concentration, persistence, or pace. (AR 28.)

The ALJ also found that Dr. Lam inadequately explained why Plaintiff's sensitivity to how other people perceive her would lead to a marked deficit in social functioning. (AR 28.) The ALJ found that the record instead suggested that Plaintiff "functions appropriately in this area." (*Id*.)

Lastly, the ALJ found that nothing in the record supports Dr. Lam's opinion that Plaintiff experienced repeated episodes of decompensation, and that Dr. Lam's "willingness to overstate the severity of the claimant's conditions results in an inaccurate picture of the claimant's mental limitations." (AR 28.)

Plaintiff argues that the ALJ's discussion of Dr. Lam's opinion vis-à-vis his treatment notes is internally inconsistent, because the ALJ acknowledged that Dr. Lam's "description of the claimant's treatment, response, and prognosis seems to be generally supported by his treatment records," and yet gave no weight to his opinions. Dkt. 12 at 6-7 (citing AR 27). But Plaintiff misses the ALJ's point: the ALJ found that Dr. Lam's treatment notes supported his description of Plaintiff's treatment, response, and prognosis (*see* AR 397), but the ALJ found that those notes did *not* support Dr. Lam's opinion as to the impact of Plaintiff's conditions on her functional abilities (AR 398-99). This finding is supported by substantial evidence, because, as described above, the record contains conflicting information as to extent of Plaintiff's activities and functioning. Although some of the record describes limitations, other parts of the record describe her with more functionality. *See, e.g.*, AR 217 (Plaintiff's self-report that she could draw, read, and write often and well), 275 (Plaintiff reports to provider that she has three good friends), 310 (Plaintiff reports

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 8

socializing with friends), 364 (Dr. Lam describes Plaintiff as "doing better" with no paranoia, aggression, or anxiety attacks), 373 (consultative examiner's opinion regarding Plaintiff's functionality, suggesting that her cognitive, social, and concentration limitations were not necessarily work-preclusive). Although Plaintiff highlights other portions of the record, the record contains substantial evidence to support the ALJ's interpretation and it must therefore be affirmed. *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Furthermore, substantial evidence also supports the ALJ's finding that Dr. Lam's opinion regarding Plaintiff's episodes of decompensation was entirely unsupported. As found by the ALJ, the record does not describe any episodes of decompensation of extended duration, let alone three in the year prior to Dr. Lam's opinion. Plaintiff cites various portions of the record as establishing the existence of episodes of decompensation, but none of those notes reference an episode lasting for at least two weeks, as stated in Dr. Lam's opinion. *See* Dkt. 12 at 7 (citing AR 255, 259, 261, 263, 264, 275, 388, 390, 395). Plaintiff has not shown that the ALJ erred in finding that this portion of Dr. Lam's opinion was unsupported, or in discounting the opinion on that basis.[5] *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Because the ALJ provided specific and legitimate reasons to discount Dr. Lam's opinion, the ALJ's assessment of that opinion is affirmed. Because Plaintiff's step-three argument relies

---

[5] The Commissioner does not defend the ALJ's suggestion that Dr. Lam willingly overstated the severity of Plaintiff's conditions. (AR 28.) The Court finds that such speculation as to Dr. Lam's motivations or purposes is not supported by substantial evidence, but that this error is harmless in light of the ALJ's other reasons to discount Dr. Lam's opinion. *See Carmickle*, 533 F.3d at 1162-63.

entirely on Dr. Lam's opinion, and the ALJ properly rejected that opinion, Plaintiff has not shown that the ALJ erred in finding her not disabled at step three.

State agency opinions

The ALJ gave significant weight to the State agency opinions, finding them consistent with the record. (AR 28.) Plaintiff argues that because the State agency reviewers wrote their opinions in 2014, and did not therefore have access to the entire record before the ALJ in 2016, the ALJ erred in relying on the State agency opinions. Dkt. 12 at 10.

It is true that the State agency opinions were written before the record was complete, but the ALJ had access to the complete record and found that the opinions were consistent with the record. (AR 28.) Plaintiff has not established error in the ALJ's crediting the State agency opinions in light of the context of the entire record. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("[T]he report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record.'" (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original))). The ALJ did not cite the State agency opinions as a reason to discount Dr. Lam's opinion, and thus Plaintiff's argument in this regard is inapposite. *See* Dkt. 14 at 5.

# **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 19th day of June, 2018.

Mary Alice Theiler
United States Magistrate Judge